MR. JUSTICE SHEEHY,
concurring in part and dissenting:
I concur with the majority opinion insofar as it sustains the award in judgment against Automatic Gas Distributors, in Spruce Oil Corporation, and E. D. Orser, must be vacated.
To begin with, I am at a loss to understand how the majority set aside the judgment against Orser. He was the agent of Automatic Gas Distributors, Inc., who came to the plaintiffs, and represented to them that if they would do business with Automatic Gas Distributors, Inc., that company could obtain for them fuel supplies at a price below what the plaintiffs would otherwise have to pay, that this would lead to a lower pump price, and thus larger volume sales and larger margin of profit per gallon to be split with Automatic Gas Distributors, Inc., as “net receipts” under the agreement. None of these representations were true. When the plaintiffs purchased gas from Automatic Gas Distributors, Inc., they were charged the “rack price” that any other dealer would have to pay at any other rack in the vi *234 cinity and that any other dealer would also pay Automatic Gas without such a marketing agreement. Automatic Gas did not and could not obtain fuel supplies at a price less than that otherwise obtainable. There was no margin that would lead to a lower pump price or to a larger volume of sales. What really occurred was that Automatic Gas became half of the dealership operated by the plaintiff and by taking half of the profit, reduced by that extent the amount that the plaintiffs might reasonably have expected to obtain as a per gallon profit if they had not dealt with Automatic Gas. Since Orser made the representations upon which the plaintiffs relied, though he was acting on behalf of Automatic Gas, it should be clear that he is equally liable with Automatic Gas for the actual loss in profits sustained by the plaintiffs, and for the punitive damages which result from his fraudulent representations. Strangely, the majority here is holding the principal and not the agent.
The majority here also does not explain adequately the intercorporate relationship between the three corporations here involved. Western Crude Oil, Inc., during the times here pertinent, owned all of the stock of Spruce Oil Corporation. Western Crude Oil, Inc. also owned all of the stock of Automatic Gas Distributors, Inc. Western Crude paid all of the salaries of the employees of its two subsidiary corporations, for which it was compensated by a later bookkeeping charge-back against the subsidiaries. The corporations’ headquarters are in the same office building. It appears they used the same receptionist. They may have used the same telephone number.
But more important in the relationship between the parties, and particularly with respect to the representations that Orser made to the plaintiffs, is the “scam” which shocked the District Court, the method that Western Crude used, through its subsidiaries, to exact two profits from the plaintiffs. Thus, Spruce Oil Corporation purchased the gasoline products from refiners. It sold the products to Automatic Gas and others, at a price upon which Spruce Oil *235 Corporation made a profit. Automatic Gas, taking the same product, then sold the same to the plaintiffs, again exacting one-half of the profits gained by the plaintiffs. The result was that Western Crude Oil, Inc., acting through its subsidiaries, and in contravention of Orser’s representations, made large volume purchases from refiners through Spruce Oil Corporation, but did not pass on the advantage of those large volume purchases to the plaintiffs, as Orser had indicated would occur. Instead, it made a profit in the transaction from Spruce to Automatic Gas, and then Automatic Gas made a profit on the efforts of the plaintiffs in selling the gasoline product. The result, as the District Court found and concluded, was predictable: the plaintiffs and the other dealers involved with Automatic Gas all lost money, three of them went broke, one bought out at a loss of $20,000, and the only survivor (Purcell) abandoned the agreement. The District Court found that “in the course of it all they had been systematically robbed of a part of their agreed-upon profit, which they were forced to recover by this action, harassed by the accounting practices of the defendants, and forced to exhaust their resources, other businesses, and credit to continue serving the defendants at what amounted to slave wages. . .”
Western Crude’s wholly owned subsidiary, Automatic Gas Distributors, Inc., employed an agent, Orser, who fraudulently induced the plaintiffs and others to enter into marketing agreements and lease agreements, and hid from them the fact that another of Western Crude’s wholly owned corporations, Spruce Oil Corporation, stood behind Automatic Gas and the refiners and exacted a profit that in reality had been promised by Orser to the plaintiffs. The District Court was completely correct in assessing punitive damages against all of the defendants because all are equally responsible.
The majority opinion does not answer the cross-appeal of Purcell, who is still open to further hearings on the counterclaim on which judgment against him has been entered. So *236 that the record may be clear for him, I would hold that the judgment on the counterclaim against him in favor of Automatic Gas is not yet final, and its merits should be determined, if necessary, in a future appeal.
MR. CHIEF JUSTICE HASWELL concurs.
MR. JUSTICE SHEA will file a written opinion later.